Day, J.
It is claimed that the court of common pleas erred:
1. I'n ordering all the costs to be paid out of the balance due the estate.
2. In admitting the testimony of the administrator, offered and given by himself.
3. In excluding all testimony offered in support of the fourth exception.
Where no error has intervened except in the disposition of the costs of proceeding, there is no occasion to disturb the orders of the court further than that which relates alone to the costs. Under the provisions of the code, that order, if erroneous, may be reversed, and such order made by this court as should have been made by the court of common pleas.
There is, however, no statutory provison expressly applicable to the taxation of costs in proceedings of this kind.- But the court is left to follow the obvious analogies of the law, and make such order, in relation thereto, as it may deem just and equitable, “ having reference to the facts that appeared on the trial.” S. & C. Stat. 584, sec. 94.
Express provision is made in the code as to which party may ■ recover costs, “ in actions for-the recovery of money only, or for the recovery of specific real or personal property.” S. & C. Stat. 1117, sec. 551, et seq. But it is provided that, “In other actions the court may award and tax costs, and apportion the same between the parties on the same or adverse sides, as in its discretion it may think right and equitable.” S. & C. Stat. 1118, sec. 554.
This, then, is the statutory rule in all cases under the code in the nature of proceedings in equity. This was not, it is true, a ^proceeding under the code; nevertheless, before the passage of the code, it was, and still is, recognized by the statute, as a *254 proceeding subject to be controlled by the “ usages of courts of chancery.” S. & C. Stat. 599, sec. 168.
In the absence of any statutory provision to the contrary, it was clearly proper for the court, both “ according to the usages of courts of chancery,” and in analogy to like provisions of the code, to order the payment of the costs, “ as in its discretion it might think right and equitable.”
It follows, therefore, that where the costs may be awarded as the court may regard right and just, upon the facts and circumstances of the case, unless the evidence is disclosed upon the record, the reviewing court can not say that a Sound and equitable discretion was not exercised in the disposition of the costs. We have not the evidence before us in this case; and, if no other error appeared upon the record, the judgment for costs must stand as rendered below.
Was the administrator, under the code, competent as a witness, to testify in his own behalf?
The answer we are constrained to give to this question disposes of the various methods adopted in argument, by which the admissibility of his testimony has been resisted on one side and maintained on the other.
Section 310 of the code provides that, “No person shall be disqualified as a witness in any civil action or proceeding, by reason of his interest in the event of the same, as a party or otherwise, or by reason of his conviction of a crime; but such interest or conviction may be shown for the purpose of affecting his credibility.”
In the broadest and most comprehensive language, this section removes all disqualification of a witness grounded on interest, whether “ as a party or otherwise;” and it can not be doubted that the administrator, though a party and interested in the event of the proceeding, was thereby rendered competent to testify in his own behalf, unless he comes within one of the objections urged against him, viz: that the case was not a “ proceeding ” within the meaning of section 310 of the code; or, if it is, that he comes within subsequent exceptions, as stated in sections 311 and 604, excluding him from the general provisions of section 310.
*To determine whether this case is included within the meaning of the word “ proceeding,” as used in section 310, it is necessary only to refer to section 601, which is, so far as material to this question, as follows: “ Until the legislature shall otherwise *255 provide, this code shall not affect proceedings on habeas corpus, quo warranto, or to assess damages for private property taken for public uses, nor proceedings under the statutes for the settlement of estates of deceased persons.” Hero the word is used in the code as applying expressly to this class of cases.
But this question is set at rest by repeated decisions of this court, that section 604 “ has reference to the forms of proceedings, and not to the competency of witnesses,” and that the parties to such proceedings are, under section 310, competent witnesses. Atlantic and Great Western R. R. Co. v. Campbell, 4 Ohio St. 583; Carter v. Kise, 9 Ohio St. 402.
It is claimed that section 311 of the code expressly prevents the application of section 310 to proceedings in the settlement of estates. That section is as follows: “Nothing in the preceding section contained shall in any manner affect the laws now existing relating to the settlement of estates of deceased persons, infants, idiots, or lunatics, or the attestation of the execution of last wills and testaments, or of conveyances of real estate, or of any other instrument required by law to be attested.”
This section is fairly susceptible of the same construction as that given to section 604. The latter section provides that the “code shall not affect proceedings under the statutes for the settlement of estates;” and section 311 provides that “ nothing in the preceding section contained shall in any manner affect the laws now existing relating to the settlement of estates.” The latter section refers to the “ competency of witnesses ” no more than the former. One protects proceedings under other statutes from being affected by the code; the other protects certain statutes themselves from innovation by construction of section 310; and neither limits that section as to the competency of witnesses. This is expressly done in section 313, as to a large class of eases, which affords a strong reason why it was not intended to be done in the others.
. *The object and purpose of section 311 was to exclude such a construction of the preceding one as would in any manner dispense with the requirements of statutes relating to the settlement of the various kinds of estates, or the attestation of wills and other instruments required by law to be attested.
Various considerations have been urged in argument as to the effect of section 313 in this case. When this case was tried, that section read as follows: “No party to a civil action shall be allowed *256 to testify by virtue of section 310, in any action when tbe adverse party is the guardian of a child or children of a deceased person, or of an idiot, or of a lunatic, or of a deaf and dumb person, or is the executor or administrator of a deceased person, except in the following cases, namely,” etc. 58 O. L. 57. The remainder of the section only restricts the foregoing limitations of section 310, and is not material to the question under consideration.
It is not directly claimed that the administrator was, by that section, disqualified as a witness; and it is necessary only for us to add that he did not, in that proceeding, come within the provisions of or limitations enumerated in section 313, as it stood under the amendment of April 3, 1861, and in force when the case was tried below. But how this question may be affected by a material amendment to that section, enacted March 31, 1864, we are not called upon, and therefore do not now undertake, to decide.
Did the court err in excluding all evidence offered by the ex-ceptors, to show that the administrator was indebted to the estate for work done by decedent?
It is claimed, in argument, that the exception as set forth in item four was too vague and uncertain to allow any proof to be given under it. To this objection it may be replied, that no motion was made to make the exception more definite, doubtless for the reason that it was sufficiently so to apprise the administrator of the character and general description of the claim sought to be charged upon him. Moreover, the record excludes the supposition of any exception based on that ground, by affirming that the evidence was not admitted, “on the ground that said matters” embraced in item four “ could not be properly brought before the court for adjudication on exceptions to said account.”
*It is claimed that a suit on the administrator’s bond is the only remedy provided by the statute for his neglect to charge himself with a debt due from him to the estate.
Undoubtedly an ample remedy on the bond is provided for every breach of the administrator’s duty. State v. Cutting, 2 Ohio St. 1. But does it therefore follow that this remedy is exclusive? It may be, for the purpose of charging the sureties on the bond; but, under the provisions of the statutes relating to the settlement of estates, a majority of us think that, as against the administrator, it was comj>etent for the probate court, on exceptions to his final account, claiming that he has neglected to charge himself with assets in his *257 hands, to hear evidence and determine the validity of such claim, and the amount thereof, with which he should stand charged in his account.
Nor do we perceive any well-grounded distinction to be taken as to the powers and duties of the probate court on exception to the account of the administrator, whether the exception be grounded on the neglect of the administrator to charge himself with a debt due from him to the decedent, or his neglect to inventory or charge himself with any other property or money belonging to the estate; for, under the statute, a debt due from the administrator to the decedent is assets m his hands, for which he is accountable on settlement of the estate, whether it be included in the inventory or not. Tracy’s Adm’r v. Card’s Adm’r, 2 Ohio St. 431; S. & C. Stat. 598, sec: 162.
The probate court is invested with jurisdiction “to direct and control the conduct, and to settle the accounts, of executors and administrators, and to order the distribution of estates.” S. & C. Stat. 1212, sec. 2. The probate judge is required by law to publish notice “ of the filing of any accounts by executors, administrators, ' or guardians, specifying the time when such accounts will be heard, . -. . at which time it shall be competent for said probate judge, for cause, to allow further time to file exceptions to said account ” (S. & C. Stat. 1216, sec. 20); and on such hearing, the probate judge is invested with “full power and authority to examine, under oath, all executors, administrators, and guardians, touching their accounts.” Id., sec. 21.
* Again, under the act for the settlement of estates, the court is empowered to “refer the account and the exceptions thereto, if any, to a special commissioner, according to the usages of courts of chancery.” S. & C: Stat. 599, sec. 168. It is, moreover, provided in the subsequent act, defining the jurisdiction and regulating the practice of probate courts, that “all questions, except those arising in criminal actions and proceedings, unless otherwise provided by la^, shall be determined by the probate judge, unless in his discretion he shall order the same to be tried by a jury, or referred, as provided in section two hundred and eighty-five of the code of civil procedure of this state.” S. & C. Stat. 1216, sec. 28. And, upon the hypothesis that the court is empowered to hear and determine all questions that arise upon proper exceptions to the settlements of administration accounts, the statute provides that *258 “upon every settlement of an account by an executor or administrator, all his former accounts may be so far opened as to correct any mistake or error therein; excepting that any matter of dispute between two parties, which had been previously heard and determined by the court, shall not be again brought in question, by either of the same parties, without leave of the court.” S. & C. Stat. 599, see. 169.
The construction that the legislature intended to confer upon the probate court power to determine all questions that may arise on settlement of such accounts, is strengthened by the provision “that appeals may be taken from any order, decision, or decree of the probate court, in settling the accounts of an executor or guardian.” S. & C. Stat. 1218, sec. 37.
The record shows that, in this case, there were exceptions. filed; as authorized by law, attacking the account and questioning its correctness. In passing upon the merits of one of the exceptions, it became necessary to determine whether the administrator was indebted to the decedent as alleged; for, if so, there were assets in his hands to be accounted for, and the exception to the account was well taken and sustainable.
By a fair construction of the statutes before referred to, a majority of the court hold that the spirit and purpose of their provisions are, to give the probate court jurisdiction of the subject-matter submitted to it by the “account and exceptions ^theretoand that the probate judge was both empowered and required to determine the questions thereby submitted, or to require their determination in one of the methods authorized by law.
It follows that the exceptors had the right to offer evidence upon the questions made by the exception in controversy; and that, therefore, the court erred in refusing to permit any evidence to be given in support of the exception.
Judgment reversed, and case remanded for further proceedings.
Scott, C. J., and White and Welch, JJ., concurred. ■
' Bkinkerhoff, J., dissented from the concluding proposition.